Alexandra M. Asterlin, SBN 221286
alexandra.asterlin@ogletree.com
Paul M. Smith, SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:  916-840-3150
Facsimile:   916-840-3159

Attorneys for Defendants TOPGOLF
USA EL SEGUNDO, LLC and
TOPGOLF PAYROLL SERVICES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| AARON VERNER, an individual, | Case No. _____ |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT** |
| vs. | |
| TOPGOLF USA EL SEGUNDO, LLC, a Delaware limited liability company; TOPGOLF PAYROLL SERVICES, LLC, a Delaware limited liability company; and DOES 1-25, inclusive, | [Filed concurrently with Civil Cover Sheet; Cert. of Interested Parties and Disclosure Statement; Declarations of Cheree Goodall and Alexandra M. Asterlin] |
| Defendant. | [Los Angeles County Superior Court, Case No. 24STCV09810] |
| | Action Filed:     4/18/2024<br>Trial Date: |

1

NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants TopGolf USA El Segundo, LLC and Topgolf Payroll Services, LLC ("Defendants" or "Topgolf"), petition the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff AARON VERNER ("Plaintiff"), a citizen of the State of California, and Defendants, citizens of the State of Delaware and Texas; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.

## I.    THE STATE COURT ACTION

On April 18, 2024, Plaintiff filed an action entitled "*Aaron Verner v. Topgolf USA El Segundo, LLC, et al.*" in Los Angeles County Superior Court, Case Number 24STCV09810.  A true and correct copy of the Complaint served on Defendants is attached hereto as **Exhibit A**.

Plaintiff served Defendants via Notice and Acknowledgement of Receipt on May 13, 2024. A true and correct copy of the Summons and Complaint, which were served on Defendants are attached hereto as **Exhibit B**.

## II.    REMOVAL IS TIMELY

A defendant in a civil action has thirty (30) days from the date it is validly served with a Summons and Complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe*

NOTICE OF REMOVAL

*Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a Defendants' time to remove is triggered by formal service of the summons and complaint).

This Notice of Removal is timely because it is filed within thirty (30) days from May 13, 2024, the date Defendants were served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1). (Ex. B.) The thirtieth day after service is June 12, 2024. Fed. R. Civ. Pr. 6(a)(1)(C). Thus, this removal is timely.

### III.    BASIS FOR REMOVAL IS DIVERSITY JURSIDICTION

The basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. §1332 and it is one, which may be removed to this Court by Defendants, pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states, such that complete diversity exists.

Under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id*. at 551, 553.

Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met here and this case is removable to this Court because: (1) there is complete diversity of the parties because Plaintiff is a citizen of California, and Defendants are citizens of Delaware and Texas; and (2) the amount in controversy exceeds $75,000.

### A.    Complete Diversity Exists Between the Parties

This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California and Defendants are citizens of the States of Delaware and Texas.

NOTICE OF REMOVAL

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

As set forth in the Complaint, Plaintiff is a resident of California and worked for Defendants in the County of Los Angeles, State of California. **Exhibit A**, Complaint, ¶¶ 11, 21. As such, Plaintiff is domiciled in and, for purposes of diversity jurisdiction, is a citizen of the State of California.

Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (rejecting all prior tests in favor of "nerve center" test). The Court held that the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id*.

The citizenship of a LLC for the purposes of diversity jurisdiction is the location of the citizenship of its members. *Johnson v. Columbia Props. Anchoridge, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendants are, and were at the time of the filing of this action, a citizen of a State other than California within the meaning of United States Code, Title 28, Section 1332(c)(1).

NOTICE OF REMOVAL

At the time of filing, both Defendant Top Golf Payroll Services, LLC and Defendant Topgolf USA El Segundo, LLC were organized under the laws of the State of Delaware. (Decl. of Cheree Goodall, ¶¶3, 4.)

The sole member of Top Golf Payroll Services, LLC is Top Golf USA, Inc., which is a Delaware Corporation. (Goodall Decl., ¶5.) Top Golf, USA, Inc. is wholly owned by Topgolf International, Inc., which is also a Delaware Corporation. (Goodall Decl., ¶5.)

The sole member of TopGolf El Segundo, LLC was and is TG Holdings I, LLC, which is organized under the laws of the state of Delaware. TG Holdings I, LLC is wholly owned by Top Golf, USA, Inc., which is a Delaware Corporation and was and is wholly owned by Topgolf International, Inc., which is also a Delaware Corporation (Goodall Decl. ¶6.)

At the time this action was commenced in state court and continuing today, Defendants' principal place of business and headquarters were, and remain, in the city and county of Dallas, Texas. (Goodall Decl., ¶7.) At their headquarters in Dallas, Texas, Defendants perform the vast majority of their executive and administrative functions, including operations management, human resources, finance, information technology, distribution operations, and their legal, sales and marketing functions (Goodall Decl., ¶8.) As such, Defendants maintain their principal place of business in Dallas, Texas.

Therefore, at all material times, Defendants have been citizens of either Delaware or Texas.

Because Defendants are citizens of the State of Delaware and the State of Texas, and Plaintiff is a citizen of the State of California, complete diversity exists pursuant to 28 U.S.C. §§ 1332(a).

"For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).  Inclusion of "Doe" defendants in a state court complaint has no effect on removability.  *Newcombe v.*

NOTICE OF REMOVAL

*Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "Does 1 through 25" in the Complaint cannot defeat diversity jurisdiction.

## IV.      THE JURISDICTIONAL MINIMUM IS SATISFIED

This Court's jurisdictional minimum of an amount in controversy over $75,000 is and was satisfied at the time this action was filed, as explained below.

"[A]s specified in § 1446(a), a Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir., 2013) ("[a] defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum"). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). To meet this relatively low burden regarding the amount in controversy, a defendant may rely on the plaintiff's allegations, which are presumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. See *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy"). Legal certainty of the amount in controversy is not required. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v.*

*Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

While Defendants deny any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs.

Compensatory Damages: Plaintiff seeks lost income in the form of past and future earnings and benefits.  **Exhibit A**, Complaint, ¶¶ 39, 41, 45, 48, 61, 6783, 89, Prayer for Relief, pg. 31, ¶¶ 1.  Plaintiff alleges Defendants constructively terminated his employment on September 4, 2023.  **Exhibit A**, Complaint, ¶¶ 29. Assuming Plaintiff has not secured new employment, he puts at issue a minimum of eight (8) months' worth of lost income to date and, assuming this case goes to trial in approximately twenty-eight (28) months, it is reasonable to assume his back pay claim will seek at least three (3) years of past wages and benefits, which is a conservative estimate.  See U.S. District Court–Judicial Caseload Profile, California Central, June 30, 2023, available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/06/30-1 (indicating that the average time to trial in the Central District is 27.8 months).  Thus, assuming that Plaintiff has not found new employment at the time of trial in this case, his claim for lost income alone will be approximately $97,920.00 ($17.00 per hour x 40 hours per week x 144 weeks). (See Exhibit A, Complaint, ¶21(noting Plaintiff earned $17.00 per hour.)

Emotional Distress: Plaintiff also seeks compensation for non-economic damages, including severe emotional distress, and has alleged a separate claim for intentional infliction of emotional distress.  **Exhibit A**, Complaint, ¶¶39, 49, 62, 72,

84, Prayer for Relief, pp. 31-32, ¶ 2.  Plaintiff's claim for these damages adds thousands of dollars to the amount in controversy.  A review of jury verdicts in California demonstrates emotional distress awards in wrongful discharge cases commonly exceed $75,000. See, e.g., *Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,000,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages for doctor alleging discrimination and wrongful discharge).  Therefore, Plaintiff's claimed emotional distress damages *alone* are likely to satisfy the amount in controversy requirement for removal.

Plaintiff Claims Entitlement to Punitive Damages: In addition to the damages discussed above, Plaintiff seeks punitive damages.  **Exhibit A**, Complaint, ¶¶ 40, 50, 63, 69, 73, 88, Prayer for Relief, p. 32, ¶3.  The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law; *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction).

Punitive damages may be substantial and, in some cases, even exceed the amount of compensatory damages.  See *Carter v. CB Richard Ellis*, 2001 WL

34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).  In fact, courts have affirmed jury verdicts exceeding one million dollars in punitive damages in alleged wrongful termination cases.  See, e.g., *Leggins v. Thrifty Payless Inc. D/B/A Rite Aid Corporation*, No. BC511139, 2015 Jury Verdicts LEXIS 7889 (Los Angeles County Sup. Ct.) (awarding $5,000,000 in punitive damages in case involving claims of age, disability and race harassment, discrimination, retaliation and wrongful termination, among other things); *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL 1765192 (Cal. Super. Ct. May 22, 2007) (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her disability leave).

Here, Plaintiff is alleging Defendants discriminated, harassed, and retaliated against him based on his race and wrongfully terminated his employment  Therefore, in addition to Plaintiff's special and general damages discussed herein above, and, again, even from a conservatively measured standpoint, each of Plaintiff's causes of action and his prayer for punitive damages demonstrate the amount in controversy exceeds $75,000—even though Defendants have a legitimate non-discriminatory reason for its actions and defenses.  See *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE- GGH, 2009 WL 3368519, at *3-4 (RD. Cal. 2009) (finding that even a minimum award of punitive damages would satisfy the jurisdictional requirement).

Attorneys' Fees: Plaintiff also seeks attorneys' fees. **Exhibit A**, Complaint, ¶¶ 27, 36, 42, 46, 53, 56, 63, 92, Request for Relief p. 20-23, ¶¶ 8, 10-11, 13, 19, 20, 22, 25.  Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy.  See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory).

The Court must consider all attorneys' fees that, at the time of removal, can reasonably be anticipated will be incurred over the life of the case.  See *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018)

9

NOTICE OF REMOVAL

("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

In employment cases, fee awards alone normally eclipse the $75,000 amount in controversy requirement for diversity jurisdiction.  See *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (ND. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages"); see also *Akers v. Cnty. of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002) (affirming "$249,345 in attorney fees" in gender discrimination case); *Equal Emp't Opportunity Comm'n v. Albion River Inn, Inc.*, No. 060V05356 (SI), 2008 WL 928368 (N.D. Cal. 2008) (awarding $75,000 in attorneys' fees in a single plaintiff case).  "In estimating future attorneys' fees, district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees."  *Fritsch*, 899 F.3d at 795 (internal quotation marks and citation omitted).

For example, attorneys' fees have been awarded to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience).  See *Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); see also *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendants anticipate the parties will propound written discovery, several depositions will be taken in this case, and, ultimately, Defendants will file a Motion for Summary Judgment.  Preparing for and responding to these actions alone is likely

to trigger significant attorneys' fees.  Therefore, if Plaintiff is successful on his claims, he could be entitled to an award of attorneys' fees that, in and of itself, would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

Accordingly, Plaintiff's claims for unpaid wages, emotional distress, punitive damages, and attorney's fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

## V.    VENUE

Venue lies in this Court because Plaintiff's action is pending in this district and division.  See 28 U.S.C. § 1441(a).  Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Central District of California because Plaintiff filed this case in the Superior Court of California, County of Los Angeles.  Additionally, Defendants are informed and believe the events allegedly giving rise to this action occurred within this judicial district.

## VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

In accordance with United States Code, Title 28, Section 1446(a), **Exhibits A** and **B** constitute a copy of all processes, pleadings, and orders either served upon or by Defendants.  As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendants were served with Plaintiff's Complaint.  As required by United States Code, Title 28, Section 1446(d), Defendants will provide notice of this removal to Plaintiff through his attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles.

## VII.    CONCLUSION

Because this civil action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendants respectfully request this Court exercise its removal jurisdiction over this action.

In the event this Court has a question regarding the propriety of this Notice, Defendants request the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  June 12, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Alexandra M. Asterlin
Alexandra M. Asterlin
Paul M. Smith

Attorneys for Defendant TOPGOLF USA EL SEGUNDO, LLC and TOPGOLF PAYROLL SERVICES, LLC